UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EWC MICHIGAN
MANAGEMENT, INC.,

     Plaintiff,

v.

EWC FRANCHISE, LLC,

     Defendant.

Case No. _____

## NOTICE OF REMOVAL

Defendant EWC Franchise, LLC ("EWC"), through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, files this Notice of Removal (this "Notice") to remove this action from the Circuit Court for Wayne County, Michigan (the "State Court Action") to the United States District Court for the Eastern District of Michigan. EWC provides the following short and plain statement on the grounds for removal.

## I.    JURISDICTION

1.    The State Court Action is a civil action which this Court has original jurisdiction of under 28 U.S.C. § 1332 (diversity jurisdiction) and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is

1

a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.     PROCEDURAL HISTORY

2.     On March 31, 2026, Plaintiff EWC Michigan Management, Inc. ("MMI") filed a Verified Complaint (the "Complaint") in the Circuit Court for Wayne County, Michigan against EWC. No other defendants have been named or served in the State Court Action.

3.     MMI has not served EWC with the Complaint. Instead, MMI's counsel emailed a copy of the Summons and Complaint to EWC's counsel on April 1, 2026. The documents attached hereto as Exhibits 1 through 3 constitute all process, pleadings, and orders sent to EWC's counsel on April 1, 2026.  28 U.S.C. § 1446(a).

## III.    CITIZENSHIP OF THE PARTIES

4.     In the Complaint, MMI alleges that it "is a corporation organized under the laws of Michigan that conducts business in Canton, Michigan in Wayne County." (Compl. ¶ 8.)  Thus, MMI is a citizen of Michigan.

5.     The Complaint also alleges that EWC "is a Florida limited liability company that conducts business in Wayne County, Michigan."  (*Id.* ¶ 9.) None of EWC's direct or indirect members are citizens of Michigan. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022) ("A limited liability company . . . has the citizenship of its members and sub-members.).

6.      EWC is an indirect, wholly owned subsidiary of European Wax Center, Inc., which is incorporated under the laws of Delaware with its principal place of business in Florida. The intermediaries between EWC and European Wax Center, Inc. are all single member limited liability companies, each of which is an indirect or direct wholly owned subsidiary of European Wax Center, Inc. as the ultimate parent, and thus share the same citizenship of European Wax Center, Inc. Neither EWC nor any of the intermediaries between EWC and European Wax Center, Inc. have any members who are citizens of Michigan. Thus, EWC is a citizen of Florida and Delaware, and is not a citizen of Michigan. 28 U.S.C. § 1332(c)(2).

7.      MMI is a citizen of Michigan. EWC is a citizen of Florida and Delaware, not Michigan. Accordingly, complete diversity of citizenship exists between MMI and EWC, both as of the time the State Court Action was commenced in state court and as of the time of this removal.

## IV.     AMOUNT IN CONTROVERSY

8.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9.      EWC can establish the necessary amount in controversy based either on the allegations in the Complaint or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by MMI exceeds the

jurisdictional minimum. *Bay City Realty LLC v. Mattress Firm, Inc.*, 2020 WL 4696593 at *2 (E.D. Mich. Aug. 13, 2020) ("A defendant removing a case has the burden of proving the diversity jurisdiction requirements,' and the amount in controversy is determined 'as of the time of removal.'") (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

10.     The Complaint alleges four causes of action: (1) Breach of Contract; (2) Promissory Estoppel; (3) Tortious Interference; and (4) Injunctive Relief.  Each cause of action is rooted in EWC's notice to MMI that EWC would disable MMI's access to EWC's business management software platform. (Compl. ¶¶ 1–5.)

11.     The amount in controversy required to establish diversity jurisdiction is satisfied on the face of the Complaint.  The Complaint alleges "the amount in controversy far exceeds the Court's jurisdictional threshold of $25,000," which is the jurisdictional requirement for a state circuit court action.  (*Id.* ¶ 10.)

12.     According to the Complaint, EWC's "action to disable systems and accounts" will "effectively terminat[e] []MMI's business," which EWC's owner "acquired . . . at extraordinary personal financial risk, including over $1.2 million in combined debt, cash investment, and personal guarantees," and ultimately transformed it into a highly successful locations generating approximately $1.9 million in revenue annually." (*Id.* ¶¶ 14, 45.) The Complaint seeks damages and

4

injunctive relief to "enjoin[] EWC from shutting down the business," or MMI "will lose its customer goodwill customer base, employees, and financial viability, and will eventually default on approximately $1.2 million in personally guaranteed obligations." (*Id.* ¶ 43.)

13.     Although EWC denies all liability to MMI, the amount in controversy nevertheless exceeds $75,000 given the damages and remedy sought by MMI. Therefore, the amount in controversy exceeds the jurisdictional requirement of $75,000.

14.     For these reasons, removal is appropriate and proper.

## V.     REMOVAL PROCEDURE

15.     **The Removal Venue is Proper.** Removal to the United States District Court for the Eastern District of Michigan is proper because the Complaint was filed in the Circuit Court for the State of Michigan for the County of Wayne, which is located within the jurisdiction of this District. 28 U.S.C. §§ 1446(a); 1441(a).

16.     **The Removal is Timely.** This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is filed within 30 days of MMI sending a copy of the Summons and Complaint to EWC on April 1, 2026.

17.     **Amendment Rights Reserved.** EWC reserves the right to amend or supplement this Notice.

18.        **Notice to Plaintiff and State Court.**  Pursuant to 28 U.S.C. § 1446(d), EWC is filing written notice of this removal with the Circuit Court of the State of Michigan for the County of Wayne and will serve that notice on MMI.  A copy of the notice to be filed in state court is attached (without corresponding exhibits) as Exhibit 4.

19.        **Consent of Other defendants.** 28 U.S.C. § 1446(b)(2) permits removal only if "all defendants who have been properly joined and served" consent to removal. This requirement does not apply because there is only one defendant, which is filing for removal.

**WHEREFORE**, the Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and EWC respectfully requests that this action hereby be removed from the Circuit Court of the State of Michigan for the County of Wayne, to the United States District Court for the Eastern District of Michigan, and respectfully requests that this Court proceed with the matter as if it had been filed originally herein.

6

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

Date:  April 20, 2026          By:  /s/  Katherine M. Beres

Katherine M. Beres (P81014)
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
313.327.3100 | 313.327.3101 f
kate.beres@wilsonelser.com
Attorneys for Defendant